UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CHARLES H. JENNINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No.: _____ |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT FOR DAMAGES IN A CIVIL CASE

Plaintiff, Charles H. Jennings ("Plaintiff") by counsel, Sweeney Law Firm, asserts this medical malpractice action against the Defendant, United States of America, and for his Complaint alleges and says as follows:

### PARTIES

1. Charles H. Jennings is a citizen of Fort Wayne, Indiana.

2. The Defendant is the United States of America. At all times relevant hereto, the United States acted through its agency, the Department of Veterans Affairs ("VA"), its subdivision, the Veterans Health Administration ("VHA"), and the employees of those agencies.

3. At all times relevant hereto, the Defendant employed a podiatrist, Dr. Bradley R. Hammersley ("Dr. Hammersley"), to provide podiatric medical care and treatment at the Veterans Administration Northern Indiana Health Care System ("VANIHCS") in Fort Wayne, Indiana and Marion, Indiana.

4. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant.

1

## JURISDICTION AND VENUE

5. Because the United States is the Defendant in this case, this Court has jurisdiction under 28 U.S.C. §1346.

6. The United States has waived its sovereign immunity pursuant to 5 U.S.C. §702.

7. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant and was an "employee of the government" as defined by 28 U.S.C. §2671.

8. Because Dr. Hammersley was acting within the scope and course of his employment as an "employee of the government" at all times relevant hereto, the Defendant is not entitled to the "Independent Contractor Exception," pursuant to *Edison v. United States*, 822 F.3d 510, 2016.

9. Because Dr. Hammersley was an "employee of the government" at all times relevant hereto, the Defendant is not entitled to dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

10. Pursuant to 28 U.S.C. §1391(e)(1), venue is proper within the Northern District of Indiana Fort Wayne Division because the events or omissions giving rise to this action occurred in this District.

11. Plaintiff has exhausted his administrative remedies pursuant to 28 U.S.C. §2675(a).

12. Pursuant to 28 U.S.C. §2675(a), Plaintiff submitted a Standard Form 95 ("SF95") to the Veterans Administration on November 1, 2018 detailing his claim against the Defendant.

13. More than six months have passed since Plaintiff submitted the SF95 to the Veterans Administration. Plaintiff has not received any communication from the Veterans Administration regarding his claim.

14. Pursuant to 28 U.S.C. §2675(a), "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." Plaintiff hereby exercises his option to deem his claim denied by the Veterans Administration on January 10, 2020.

15. Pursuant to 28 U.S.C. §2401(b), Plaintiff files this action "within six months after . . . final denial of the claim by the agency to which it was presented."

16. Plaintiff first learned that the care provided to him by Dr. Hammersley was malpractice when he met with VA administrators on March 9, 2018.

17. Plaintiff could not have learned that the acts and/or omissions by Dr. Hammersley were malpractice until he met with the VA administrators on March 9, 2018.

18. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been satisfied.

## STATEMENT OF CLAIM

19. Dr. Hammersley performed surgery on Plaintiff on April 10, 2009 for Hammer digit syndrome of the right foot. Dr. Hammersley breached the standard of care during this surgery by fusing the hallux in an improper position and placing screws that protruded across the joint into the metatarsal head. Additionally, Dr. Hammersley performed a partial phalangectomy of the 5th toe and did not obtain consent for that procedure.

20. On January 23, 2010, Plaintiff had an X-ray, which showed a broken screw due to the screw not being placed appropriately.

21. On March 5, 2010, Dr. Hammersley removed the broken hardware and made a third attempt to fuse the right hallux interphalangeal joint. Dr. Hammersley chose to use a K-wire instead of a plate but did not document why he made this choice. Dr. Hammersley breached the standard of care by performing an incorrect procedure.

22. X-rays on March 12, 2010, April 16, 2010, and May 15, 2010 show that the hardware placed by Dr. Hammersley on March 5, 2010 was not in the correct position. Dr. Hammersley did nothing in 2010 to attempt to correct this problem.

23. On January 24, 2013, Dr. Hammersley performed another surgery on Plaintiff's right foot. Dr. Hammersley partially resected the first metatarsophalangeal head and performed a capsulorrhapy of the first metatarsophalangeal joint, both of which were not indicated. Dr. Hammersley also failed to correct the dislocation of the 2nd metatarsophalangeal joint and the deviation of the 1st metatarsophalangeal joint. All of these actions and inactions are breaches of the standard of care by Dr. Hammersley.

24. On October 24, 2014, Dr. Hammersley performed a right foot exostectomy. Dr. Hammersley breached the standard of care by not performing a CT scan prior to this procedure.

25. According to the Institutional Disclosure of Adverse Event ("Disclosure") document from the VA dated March 14, 2018 (attached hereto as Exhibit 1), Dr. Hammersley committed the following acts of malpractice and betrayal in connection with podiatry care and services rendered to the Plaintiff:

```
*       Inaccurate Diagnosis
*       Lack of or inappropriate diagnostic testing
*       Studies or imaging do not confirm surgical diagnosis
*       Treatment or procedure no performed correctly
*       Use of inappropriate implants(s) or hardware during surgery.
```

4

26. On March 9, 2018, Plaintiff was notified by VA administrators that he was the victim of malpractice at the hands of Dr. Hammersley. At the March 9, 2018 disclosure meeting, VA administrators informed Plaintiff he had the right to file a malpractice claim against the VA and provided him with a blank Standard Form (SF95) to complete and submit to the VA.

27. In the March 14, 2018 Disclosure document, the VA admitted that Dr. Hammersley committed the above-mentioned acts of malpractice in connection with the podiatry care and treatment rendered by Dr. Hammersley to the Plaintiff.

28. As a direct and proximate result of Dr. Hammersley's negligence, Plaintiff suffered serious and permanent harm including chronic right foot pain and ulcers as well as impaired function of his right foot that culminated in the amputation of his right foot on December 3, 2018.

29. As further direct and proximate result of Dr. Hammersley's negligence and unnecessary surgery, the quality of Plaintiff's life has been significant diminished. The Plaintiff began experiencing profound feelings/emotions of betrayal when he learned (from a VA podiatrist, Dr. Becker) that the surgeries were performed inappropriately.

30. Plaintiff is seeking the applicable elements/categories of damages set forth in Indiana Model Civil Jury Instructions ("IMCJI") 703.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against the Defendant and respectfully requests compensatory damages that are commensurate with the harm suffered by Plaintiff and for all losses, injuries and damages, including the costs of this action and for all other just and proper relief in these premises.

Pursuant to 28 U.S.C. §2675(b), Plaintiff seeks damages equal to the amount that Plaintiff presented to the VA in his SF95. If any newly discovered evidence not reasonably discoverable

5

at that time of the filing of the SF95 is discovered, Plaintiff reserves the right to claim damages in excess of the damages sought in the SF95.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted this 11th day of January 2020,

"/s/" David L. Farnbauch
David L. Farnbauch (#11187-45)
SWEENEY LAW FIRM
8019-B Lima Road
Fort Wayne, IN 46818
(260) 420-3137
Email: dlf@sweeneylawfirm.com


"/s/" Nicholas L. King
Nicholas L. King (#30709-49)
COWAN & KING, LLP
P.O. Box 90379
Indianapolis, IN 46290
(317) 246-8784
Email: nlk@cowanandking.com